IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSEMARY GREENLAW, | ) | No. C 12-1598 JSW (PR) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE)** |
| vs. | ) ) | |
| SHEILA MITCHELL, et al., | ) ) | |
| Respondents. | ) ) ) | |

## INTRODUCTION

Petitioner is currently on probation based upon her conviction in state court. She has filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

In 2008, Petitioner was convicted in Santa Clara County Superior Court of two counts of recording a false instrument. The trial court sentenced her to a term of three years on probation, a fine, community service, and to pay victim restitution. On appeal, one of the counts was reversed, and on December 2, 2010, the trial court sentenced her to two years of probation, a fine, community service, and to pay victim restitution. Her appeal of that decision to California Court of Appeal failed, and the California Supreme Court subsequently denied a petition for review.

**DISCUSSION**

I     <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     <u>Legal Claims</u>

As grounds for federal habeas relief, Petitioner claims: (1) that she is entitled to a new trial after the Court of Appeal ruled that one of her counts should be reversed based upon the improper admission of evidence; (2) that her sentence was not supported under state law and violated her rights under the Confrontation Clause; (3) that she is "entitled to have her record cleared;" (4) that evidence of "corporate minutes" was not "trustworthy;" (5) that her Sixth Amendment right to counsel was violated when the trial court denied her request for substitution of counsel; (6) that her fine was imposed as punishment for a crime of which she was acquitted; (7) that the restitution award was improper because she committed a "victimless crime;" (8) that the restitution was improper because she was acquitted of causing any loss; and (9) that the probation department is keeping her on probation after her original probation term has expired.

Petitioner's first claim and part of her second claim are not cognizable because they are only based upon state law. A federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011); 28 U.S.C. § 2254(a). Consequently, the first claim will be dismissed, as will the portion of the second claim that is based upon state law. The portion of Petitioner's second claim that asserts a violation of his rights under the Confrontation Clause is, when liberally construed,

cognizable, and Respondent will be ordered to respond to that issue.

Petitioner's third claim, in which she seeks to have her "record cleared" seeks a remedy that may be available if her petition is successful, but it does not state an independent claim for habeas relief. If her other claims are successful, her conviction may be vacated, but there is no need for her to have an independent claim to clear her record. Her third claim will be dismissed.

Petitioner's fourth claim is liberally construed to assert that untrustworthy evidence was admitted, that it rendered her trial fundamentally unfair, and that this violated her right to due process. So construed, the claim is cognizable. Petitioner's fifth and ninth claims are, when liberally construed, also cognizable.

Petitioner's sixth, seventh, and eighth claims challenging the imposition of restitution and fines are not cognizable under 28 U.S.C. § 2254. *See Bailey v. Hill*, 599 F.3d 976, 978-980 (9th Cir. 2010) (second "custody" requirement of Section 2254 not satisfied for claim challenging restitution order because success might cause money award to be set aside but would not affect any restraint on petitioner's liberty). These claims will be dismissed.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's first, third, sixth, seventh and eight claims, as described above, are DISMISSED. Petitioner's second claims is DISMISSED IN PART, as described above. The remainder of her claims are cognizable.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

3

1  not be granted based upon the claims found cognizable above.  Respondent shall file with
2  the answer and serve on Petitioner a copy of all portions of the state trial record that have
3  been transcribed previously and that are relevant to a determination of the issues
4  presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by
5  filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of
6  the date the answer is filed.

7     4. Respondent may, within **ninety (90) days**, file a motion to dismiss on
8  procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to
9  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion,
10 Petitioner shall file with the Court and serve on Respondent an opposition or statement of
11 non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent
12 shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date
13 any opposition is filed.

14    5. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
15 the Court informed of any change of address by filing a separate paper captioned "Notice
16 of Change of Address."  He must comply with the Court's orders in a timely fashion.
17 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
18 to Federal Rule of Civil Procedure 41(b).

19    IT IS SO ORDERED.
20 DATED:  May 1, 2012

                                    JEFFREY S. WHITE
                                    United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY BELLE GREENLAW,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHEILA MITCHELL, ET AL. et al,<br><br>　　　　Defendant.　　　　　　　　／ | Case Number: CV12-01598 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 1, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rosemary Belle Greenlaw
825 Villa Avenue
San Jose, CA 95126-2461

Dated: May 1, 2012

　　　　　　　　　　　　　　　　　　*Jennifer Ottolini*
　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　By: Jennifer Ottolini, Deputy Clerk