1
2
3
4
5
6
7                          IN THE UNITED STATES DISTRICT COURT

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    ROSEMARY GREENLAW,                    )    No. C 12-1598 JSW (PR)
                                            )
11                    Petitioner,           )    **ORDER GRANTING MOTION TO**
                                            )    **DISMISS; DIRECTING PETITIONER TO**
12         vs.                              )    **FILE NOTICE OF ELECTION**
                                            )
13    SHEILA MITCHELL, et al.,              )
                                            )    **(Docket No. 3)**
14                    Respondents.          )
                                            )
15    _____      )

16                                  **INTRODUCTION**

17           Petitioner, a prisoner of the State of California, has filed a habeas corpus petition

18    pursuant to 28 U.S.C. § 2254.  The petition set forth nine claims challenging the validity

19    of her criminal conviction and sentence in state court.  The Court reviewed the petition

20    and found three claims and part of a fourth cognizable.  Respondent was ordered to show

21    cause why the petition should not be granted based upon these claims.  Respondent filed a

22    motion to dismiss the petition on the grounds that three of the cognizable claims are

23    unexhausted.  Petitioner filed an opposition and Petitioner filed a reply brief.  This order

24    grants the motion to dismiss the petition, and directs Petitioner to notify Court of her

25    choice of how she would like to proceed among three options set forth below.

26                                  **BACKGROUND**

27           In 2008, Petitioner was convicted in Santa Clara County Superior Court of two

counts of recording a false instrument. The trial court sentenced her to a term of three years on probation, a fine, community service, and to pay victim restitution. The California Court of Appeal reversed one of the counts and remanded for resentencing. The California Supreme Court then denied a petition for review. On remand, the trial court re-sentenced Petitioner to two years of probation, a fine, community service, and to pay victim restitution. Her appeal of that decision to California Court of Appeal failed, and the California Supreme Court subsequently denied a petition for review.

Petitioner then filed the instant federal petition raising the following claims for relief: (1) that she is entitled to a new trial after the Court of Appeal ruled that one of her counts should be reversed based upon the improper admission of evidence; (2) that her sentence was not supported under state law and violated her rights under the Confrontation Clause; (3) that she is "entitled to have her record cleared;" (4) that evidence of "corporate minutes" was not "trustworthy;" (5) that her Sixth Amendment right to counsel was violated when the trial court denied her request for substitution of counsel; (6) that her fine was imposed as punishment for a crime of which she was acquitted; (7) that the restitution award was improper because she committed a "victimless crime;" (8) that the restitution was improper because she was acquitted of causing any loss; and (9) that the probation department is keeping her on probation after her original probation term has expired.

In the order to show cause, the Court dismissed claims one, three, six, seven and eight, as well as the portion of claim two alleging a violation of state law, because they did not state cognizable grounds for federal habeas relief.[1] The portion of claim two alleging a violation of the Confrontation Clause, as well as claims four, five, and nine were found cognizable.

---

[1] Petitioner's request in her opposition that the Court reconsider the dismissal of these claims is denied because she has presented no basis for finding such claims cognizable.

**DISCUSSION**

Respondent concedes that claim five is exhausted, but argues for dismissal because the Confrontation Clause argument of claim two, as well as claims four and nine are not exhausted.  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims.  *Id.* at 522 (1982).  If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims.  *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  However, the rule is not as absolute as might first appear.  *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain.  *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).  And there are two other exceptions:  One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Respondent argues that the portion of claim two asserting a violation of the

3

Confrontation Clause is not exhausted because it was raised for the first time in a petition

for review to the California Supreme Court, which is a discretionary review.  To comply

with the fair presentation requirement, a claim must be raised at every level of appellate

review; raising a claim for the first time on discretionary review to the state's highest

court is insufficient.  *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004). Petitioner

raised her second claim in his second petition for review to the California Supreme

Court.  (Resp. Ex. H.)  She did not mention the raise the claim previously, either in her

appeals to the California Court of Appeal or in her prior petition for review to the

California Supreme Court.  (Resp. Exs. A, B, F.)  In her opposition, Petitioner does not

explain how she exhausted this claim, specifically how and when she presented her

Confrontation Clause claim to the California Court of Appeal.  She refers to a pleading

she filed on her second appeal to the California Court of Appeal, a "supplement" to her

appeal brief.  (Attachment Three to Opp.)  That pleading does not ever mention the

Confrontation Clause or discuss the trial court's allegedly improper consideration of

hearsay evidence in imposing the restitution fine, which is what she claims in claim two.

(*Id.*)  Accordingly, as claim two was never raised in the California Court of Appeal, and

it was only raised in a petition for discretionary review to the California Supreme Court,

under *Casey*, the claim is not exhausted.

Respondent argues that claim four – that the admission of evidence of "corporate

minutes" violated her right to due process – is not exhausted because Petitioner only

claimed a violation of state law in the California Supreme Court, not that it also violated

the federal constitutional requirement of due process.  State courts must be alerted to the

fact that prisoners are asserting claims under the United States Constitution in order to be

given the opportunity to correct alleged violations of federal rights.  *Duncan v. Henry*,

513 U.S. 364, 365-66 (1995).  Exhaustion requires "reference to a specific federal

constitutional guarantee" in state court.  *Gray v. Netherland*, 518 U.S. 152, 162-63

4

(1996) (citing *Picard v. Connor*, 404 U.S. 270, 277 (1971)).  Petitioner argued in her petition for review to the California Supreme Court that the evidence of corporate minutes was not trustworthy and its admission violated state rules against the admission of hearsay, citing only state law.  (Resp. Ex. B at 9-15.)  She did not mention the Due Process Clause or the federal constitution, nor did she cite any federal law or cases.  (*Id.*)  Because the petition for review did not mention the federal constitutional guarantee of due process, or even cite any federal cases applying such a guarantee, it did not exhaust her claim that the admission of evidence violates her federal constitutional right to due process.  *See*, *e.g.*, *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999) (insufficiency of the evidence claim not mentioning federal Due Process Clause, the Fourteenth Amendment or federal case law did not fairly present the issue to state court); *Keating v. Hood*, 133 F.3d 1240, 1241-42 (9th Cir. 1998) (claim not exhausted when state supreme court petition for review did not argue a violation of "U.S. Constitution").

Petitioner argues that the California Court of Appeal had a duty to identify and address the federal constitutional issue in claim four.  The foregoing authority suggests that is not the case where, as here, the petitioner does not raise the constitutional argument herself.  In any event, the inaction of the California Court of Appeal would not establish exhaustion of the claim to the California Supreme Court.  She also claims without explanation that there was no available procedure to exhaust the claim.  That is plainly not the case, as she could have argued in her petition for review that the admission of the evidence violated her federal right to due process.  Because she failed to do so, her fourth claim is also not exhausted.

Respondent also argues that the ninth claim – that the probation department is keeping her on probation after her original probation term expired – is not exhausted because it was not raised in any appeal or petition for review.  Petitioner raised this issue in her second petition for review to the California Supreme Court, albeit not as an

independent claim, alleging that she served one year more than the probation term ordered and requesting that the term of her probation be clarified.  (Resp. Ex. H at 10, 20.)  She did not, however, argue that her federal constitutional rights were violated in this regard, cite any federal constitutional provision or federal case law, or make any mention whatsoever of federal law in conjunction with this allegation.  Therefore, for the same reasons described above with claim four, this claim is also not exhausted.

As the Confrontation Clause portion of claim two is not exhausted, and claims four and nine are also not exhausted, the petition is a "mixed petition" containing both exhausted claims (claim five) and unexhausted claims.  Respondent's motion to dismiss the petition will be granted, and Petitioner will be given the option to elect to proceed with one of three courses of action, as outlined below.

## CONCLUSION

1.      Respondent's motion to dismiss (document number 3) is GRANTED.

2.      Petitioner may chose from three possible courses of action:  (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[2] (2) he may amend the petition to dismiss the unexhausted issues, and proceed with those which are exhausted;[3] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the unexhausted issues, then, if unsuccessful in state court, return here and ask that the stay be lifted and the newly exhausted issues be reinstated.  If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issues are "potentially meritorious," and that he has not engaged in "dilatory litigation tactics."  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

---

[2] Any future federal petition may be barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d).

[3] If he chooses this option he probably will not be able to file a second federal petition in the future with the unexhausted claims because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

3.      Petitioner must elect one of the three choices set out above by filing a "notice of election" within twenty-eight (28) days of the date this order is filed and serving such a notice upon Respondent.  **If he does not, this case will be dismissed without prejudice (option 1).**

4.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.


DATED: December 14, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROSEMARY BELLE GREENLAW,

        Plaintiff,

   v.

SHEILA MITCHELL, ET AL. et al,

        Defendant.

_____/

Case Number: CV12-01598 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rosemary Belle Greenlaw
825 Villa Avenue
San Jose, CA 95126-2461

Dated: December 19, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk